IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 19-310 |
| v. | ) | |
| | ) | |
| ANTHONY KENDRICKS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant's Motion (Doc. 142) to revoke the Order of Detention (Doc. 140), based on Covid-19 health concerns, will be denied.

The undersigned has conducted a *de novo* review, and has carefully considered all of the information in the record, including the transcript of the Detention Hearing before Magistrate Judge Kelly (Doc. 147). The Court finds, and therefore holds, that an additional hearing is unnecessary to resolve the instant Motion.

Defendant is housed at the Allegheny County Jail ("ACJ"). The Court is well aware of the facility's current status and continuing mitigation efforts. *See generally* Civil Action No. 20-496 (W.D. Pa., Eddy, Chief M.J., ref'd; Bissoon, D.J., pres.).

In this presumption-case, the Court agrees with the government, and Judge Kelly, that Defendant's stated health-concerns do not outweigh the risks that his release will pose in terms of danger to the community and/or potential-flight. The dubiousness of Defendant's health-concerns aside[1] − and even giving him every benefit of the doubt in that regard −

---

[1] *See* Hrng. Tr. (Doc. 147) at 36:04–08 (noting lack of evidence that Defendant was "treating [for asthma] before [he] went in[to ACJ]"; that "the first time [an] inhaler was provided" was March 25th; and that there was no indication Defendant required "ongoing treatment since [his] incarceration").

the Court cannot agree that release is appropriate, given the violent-nature of the charged-offenses; the weight of the evidence; Defendant's extensive criminal history, including conduct violative of prior conditions of release; and the risk-of-flight, given the severity of Defendant's possible penalties.

For all of these reasons, Defendant's evidence and arguments for release, alone and in combination, do not outweigh the considerations resulting in his detention in the first instance, and the Court does not consider the question to be a close one.  Thus, Defendant's Motion (**Doc  142**) to revoke the Order of Detention is **DENIED**.

IT IS SO ORDERED.

April 24, 2020                                                s\Cathy Bissoon
                                                              Cathy Bissoon
                                                              United States District Judge


cc (via ECF email notification):

All Counsel of Record